## PennDOT v. Kittredge

*Martin Burman,* for PennDOT.
*Herbert Lolivieri,* for defendant.

DI BONA, *J.*, February 7, 1985—This matter comes before the court on an appeal taken by defendant Patrick Kittredge from the suspension of operating privileges for a period of one year by the Pennsylvania Department of Transportation as a result of an alleged violation of section 1547 of the Pennsylvania Motor Vehicle Code. Official notice of the suspension was mailed to defendant on or about June 6, 1984. Defendant alleges in his petition for appeal that no written notice of the suspension was received by defendant, however, defendant verified that his driver's license had been suspended effective July 11, 1984. The instant appeal was filed on July 10, 1984, said appeal being timely. The instant matter was referred to and a hearing scheduled before the Honorable Thomas A. White. However, Judge White recused himself from this matter and, accordingly, it was assigned to this court. Pursuant to notice, a hearing was held on January 14, 1985 on defendant's appeal.

At the time of the hearing, the Commonwealth presented the testimony of three police officers, Officer James Murphy, Officer Frank Novak and Officer Gerald Judge, all of the Bensalem Police Department. Prior to the testimony of each of the

aforementioned witnesses, the witnesses were sequestered and testimony by each was given without the knowledge of the testimony that had been offered by the other. The testimony of each of the aforementioned individuals focused on the issue of whether or not warnings were given to defendant concerning the refusal of defendant to submit to a breathalyzer test under section 1547 of the Motor Vehicle Code.

75 Pa.C.S. §1547 provides, in relevant part, as follows:

"(B) Suspension for Refusal

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is required to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

"(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons."

Officer James Murphy testified that while employed as a police officer for the Bensalem Police Department he was requested to perform a breathalyzer test upon defendant. His testimony indicated that, not only did he give defendant the Miranda warnings, but he also advised defendant concerning the issue of informed consent as to whether or not defendant would take the breathalyzer test and advised defendant of the pos-

sible repercussions of defendant's failure to do so. Each of the other police officers testified that they, in addition to Officer Murphy, told defendant of his rights as well as the possible repercussions of his failure to comply with the requirement to take the breathalyzer test. A thorough examination of the testimony of the police officers at the hearing reveals certain conflicts and discrepancies in their testimony concerning the types of advice that were given to defendant, the nature of the setting in which such warnings were given and the persons present during the times at which such warnings were allegedly given.

Also testifying at the hearing on appeal was defendant Patrick Kittredge. Mr. Kittredge testified that following his arrest he was placed in a room behind a desk and indicated that he was requested to take the breathalyzer test. Mr. Kittredge further indicated that he was an attorney and that he was aware of the repercussions of his refusal to take a breathalyzer test. Mr. Kittredge further testified that, although there was conversation between the police officers involved and himself, he was not in fact warned of the legal ramifications of his failure to take the breathalyzer test, including the specific Miranda warnings and including specific warnings regarding his failure to consent to take the test and the fact that in conjunction with his refusal there would be a mandatory suspension of his motor vehicle privileges for a period of one year. Mr. Kittredge specifically testified that such warnings were not given to him at the time in question by any of the officers involved.

It is clear that the issues presented to this court involve a matter of credibility of the parties. Primarily the issue is whether or not defendant received adequate warnings as required by section

1547(B)(2) of the Motor Vehicle Code. After a thorough review of the evidence and the testimony submitted in this matter, this court finds that adequate warnings were not given to defendant and it appears that such failure to give adequate warnings were based upon the fact that defendant indicated he was an attorney. Under the circumstances of this matter, it is clear that all defendants, whether they be attorneys, police officers or laymen, are entitled to adequate warnings which will apprise them of the consequences of their failure to comply with the requirement to take the breathalyzer test. It is also clear from the record that defendant's experience in the law was not in criminal law and requisite knowledge on his part of the specific contents of the Motor Vehicle Code were not present. From the testimony of defendant, which this court found to be more credible than that of the testimony of the police officers, Mr. Kittredge was not fully informed and the police officers did not fully warn him of the repercussions of his failure to take the breathalyzer test.

Accordingly, this court finds that the duty of the police officer to inform defendant as required under section 1547 was not complied with, that defendant was not fully informed of the consequences of his failure to take the breathalyzer test and, therefore, was in no position to make a conscious decision as to whether such test should be accepted and taken or refused. Accordingly, this court enters the following

### ORDER

And now, this February 7, 1985, after consideration of defendant's appeal and after hearing on January 14, 1985, the appeal is sustained, and it is ordered and decreed that the order of the Depart-

ment of Transportation suspending petitioner's motor vehicle operating privileges for a period of one year be and is hereby reversed.